UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CASEY REED DUPUIS | CIVIL ACTION NO. 6:15-CV-02377 |
| VERSUS | JUDGE DOHERTY |
| LRC ENERGY, LLC, ERICA LISCO, AND WELLS FARGO BANK, N.A. | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* BRIEFING ORDER

Defendant Erica Lisco removed the action, alleging that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. The undersigned reviewed the pleadings but cannot determine whether the requirements for diversity jurisdiction have been satisfied.

Federal courts exercise limited jurisdiction.[1] For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[2] Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

concerns."[3] The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[4] Similarly, any ambiguities must be construed against removal.[5] To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal.[6] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[7] Therefore, when a lawsuit is removed from state court, as this suit was, the removing party must bear that burden.[8] Accordingly, Ms. Lisco, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

---

[3] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[4] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d at 723, citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[7] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[8] *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

Ms. Lisco removed this action under 28 U.S.C. § 1332, the statute concerning diversity jurisdiction. To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[9]

Because the petition alleges that Ms. Lisco converted approximately $100,000 in money owed to LRC Energy, LLC, it is facially apparent that the amount-in-controversy requirement is satisfied in this case. Therefore, the court finds that the monetary requirement for diversity jurisdiction is satisfied.

However, Ms. Lisco has not satisfied the statute's citizenship requirement. The jurisdictional statute that Ms. Lisco is relying upon, 28 U.S.C. § 1332(a), requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.[10] The burden is on Ms. Lisco to prove the citizenship of each and every person or entity that was a party to the suit at the time of removal.

The lawsuit has four parties, one plaintiff – Casey Dupuis – and three defendants – LRC Energy, LLC, Erica Lisco, and Wells Fargo Bank, NA.

---

[9] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[10] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), citing *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

The petition does not allege Ms. Dupuis's citizenship. In the removal notice, Ms. Lisco alleges that Ms. Dupuis is a Louisiana citizen. If this allegation is not refuted by Ms. Dupuis, it will be accepted by this Court.

The petition alleges that Ms. Lisco is a Florida resident. The citizenship of a natural person is determined by the state in which she is domiciled, and domicile is a combination of both a person's residence and her intent to remain there permanently.[11] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[12] In the removal notice, however, Ms. Lisco alleges that she is a Florida citizen. This allegation will be accepted by this Court.

Defendant Wells Fargo Bank, N.A. consented to the removal of this action. In its consent, it represented that it is a national bank with its main office in South Dakota. The United States Supreme Court has determined that, for jurisdictional purposes, a national bank is a citizen of the state where it has its main office.[13] Therefore, Wells Fargo is a citizen of South Dakota.

---

[11] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[12] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[13] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (interpreting 28 U.S.C. § 1348).

In the petition, it is alleged that plaintiff LRC Energy, LLC is a limited liability company incorporated in the State of Louisiana with its principal place of business in St. Landry Parish, Louisiana. This is insufficient to establish the citizenship of the company. Although a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business,[14] the rule regarding limited liability companies is different. A limited liability company is a citizen of every state in which any member of the company is a citizen,[15] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[16] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[17] Ms. Dupuis contends that she is the sole member of LRC. If so, then LRC is a citizen of Louisiana only. But Ms. Lisco contends that she is also a member of LRC. If so,

---

[14] 28 U.S.C. § 1332(c)(1).

[15] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[16] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[17] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

then LRC is a citizen of both Louisiana and Florida.  In either case, LRC is not diverse in citizenship from the plaintiff.  In the removal notice, Ms. Lisco failed to offer any explanation why LRC's lack of diversity should be overlooked.  Furthermore, LRC did not consent to the removal of this action.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."[18]  Accordingly,

IT IS ORDERED that, not more than twenty-one days after the date of this order, Ms. Lisco shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship.  These facts should be supported with summary-judgment-type evidence.  Ms. Lisco should additionally present any legal arguments for disregarding the lack of diversity between the plaintiff and LRC and any legal argument for disregarding LRC's failure to timely consent to the removal of this action.  The plaintiff will them be afforded seven days in which to respond to Ms. Lisco's submission.

Signed at Lafayette, Louisiana, on December 9, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[18]   *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).