UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CASEY REED DUPUIS                    CIVIL ACTION NO. 6:15-CV-02377

VERSUS                               JUDGE DOHERTY

LRC ENERGY, LLC, ERICA LISCO,        MAGISTRATE JUDGE HANNA
AND WELLS FARGO BANK, N.A.

## MEMORANDUM  RULING

Defendant Erica Lisco removed the action, alleging that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  Unable to determine whether the requirements for diversity jurisdiction were satisfied, this Court ordered the removing defendant to submit a memorandum addressing whether the parties are diverse in citizenship.  (Rec. Doc. 15).  The defendant complied with the order.  (Rec. Doc. 16).  The plaintiff was also afforded an opportunity to address the issue, and she submitted a memorandum in that regard.  (Rec. Doc. 17).

The removal statute must be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.[1]  A district court is required to remand the case to state court if, at any time before final judgment, it

---

[1]     *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281–82 (5th Cir. 2007).

determines that it lacks subject-matter jurisdiction.[2]  Indeed, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.[3]

Having reviewed the parties' submissions, this Court now finds that the removing defendant has failed to establish that the parties to this lawsuit are diverse in citizenship or that the lack of diversity can be overlooked.  Accordingly, this Court finds that the court lacks subject-matter jurisdiction over this action.

It is undisputed that the plaintiff, Casey Dupuis, is a citizen of Louisiana.  It is undisputed that the removing defendant, Ms. Lisco, is a citizen of Florida.  Ms. Dupuis contends that she is the sole member of defendant LRC Energy, LLC, but Ms. Lisco contends that she also is a member of defendant LRC.  This factual disputes precludes the removing defendant from being able to establish LRC's citizenship.

In an effort to prevent the factual dispute from precluding remand, the removing defendant argued that LRC was improperly joined and that its citizenship should be disregarded because the plaintiff has no possibility of recovering against

---

[2]      See 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

[3]      *Ruhgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

-2-

it.  The claim asserted against LRC is directly related to the issue of whether Ms. Lisco is a member of the company and for that reason might be able to control the company's operations by permitting third parties to deposit funds into accounts that were not authorized by the alleged sole member of the company, Ms. Dupuis.  In her briefing, Ms. Lisco has not persuaded this Court that there is no possibility that Ms. Dupuis can recover on that claim.  More fundamentally, Ms. Lisco has not met her burden of proving the citizenship of defendant LRC.  Finally, Ms. Lisco stated that she has no objection to remand of the case.  (Rec. Doc. 16 at 1).

Accordingly, this Court finds that the removing defendant, Ms. Lisco, has not satisfied her burden of proving that the Court has subject-matter jurisdiction over this action, and

IT IS ORDERED that this action will be remanded *sua sponte* to the 27th Judicial District Court, St. Landry Parish, Louisiana.

Signed at Lafayette, Louisiana, on February 1st, 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-3-